**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| ARSEN KUANDYKULY,<br><br>                              Petitioner,<br><br>   v.<br><br>CHRISTOPHER J LAROSE, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-02831-BAS-GC<br><br>**ORDER:**<br><br>**(1)  DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>**(2)  DENYING MOTION TO HOLD CASE IN ABEYANCE (ECF No. 17)** |

Petitioner Arsen Kuandykuly filed a habeas petition pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody. (ECF No. 1.) The Central District of California transferred the case to this Court. (ECF No. 7.) The Government argues the Petition is premature because Petitioner's order of removal only recently became final. (ECF No. 16.)  In light of the Government's response, Petitioner requests that the case be held in abeyance until July 2026. (ECF No. 17.)  For the reasons stated below, the Court **DENIES** the Petition without prejudice and **DENIES** the Request to Hold the Case in Abeyance.

26cv2831

## I.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.     ANALYSIS

The Department of Homeland Security ("DHS") arrested Petitioner on December 17, 2024. (ECF No. 1.) On March 19, 2026, an Immigration Judge ordered Petitioner removed but granted withholding of removal to Kazakhstan. (*Id.*) That order became final on April 20, 2026, when DHS failed to appeal. (*Id.*) Without more detail, Petitioner simply states that "there is no imminent prospect of removal to a third country by DHS." (*Id.*) The Government argues that it has been given insufficient time to identify a third country. (ECF No. 16.)

In *Zadvydas*, the Supreme Court ruled that a six-month period to effectuate removal is presumptively reasonable. 533 U.S. at 701. However, "[a]fter this six-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* In addition, "[t]his six-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, the alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, it has been just over a month since Petitioner's order of removal became final. He makes no effort to rebut the presumption that his detention to effectuate removal is presumptively reasonable. Instead, he simply argues that "there is no imminent prospect

26cv2831

of removal to a third country by DHS." (*Id.*) Because the Court cannot find, at this point, that there is no significant likelihood of removal to a third country in the reasonably foreseeable future, the Court denies the Petition.

Although Petitioner argues this Court should hold the Petition in abeyance until July, even July would be well within the presumptively reasonable period for the Government to effectuate removal. And, at this point, Petitioner provides no evidence that a third country is unlikely to be identified. Hence, the Court denies the Petition without prejudice to refiling, and the Court does not find that it is appropriate to hold the case in abeyance in the event that the Government is unable to remove Petitioner.

## III.   CONCLUSION

For the reasons stated above, the Court **DENIES** the Petition (ECF No. 1) and **DENIES** the Motion to Hold the Case in Abeyance (ECF No. 17). The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: June 4, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2831